[Civ. No. 191.   Second Appellate District.—April 13, 1906.]

## HENRY A. GREENE, Appellant, v. OSCEOLA MINES GOLD MINING COMPANY, Respondent.

ACTION UPON NOTE—PLEADING—EXECUTION—NONPAYMENT—DENIAL FOR WANT OF INFORMATION AND BELIEF.—In an action upon a note, a denial by the defendant of its alleged execution and nonpayment for want of information and belief is insufficient to raise an issue thereupon.

ID.—NOTE OF CORPORATION—CONSIDERATION—DEVELOPMENT PRIOR TO INCORPORATION—PURCHASE OF DEED FOR STOCK.—Under a plea of want of consideration for the note of a corporation defendant it is held that such plea was justified in part, so far as it related to advances made by the payee to develop the property prior to its incorporation, under a bond for a deed held by four incorporators jointly, between whom it was agreed at the time of the incorporation that its whole capital stock should be equally divided, and, also, so far as it relates to advances made by the payee to procure a deed, which three of the corporators had agreed to pay for as part consideration of the issue of the 'stock to them, notwithstanding, after acceptance of the bond and deed by the corporation, such sums were credited in favor of the payee upon its books. (Smith, J., *dubitante*.)

ID.—CONSIDERATION SUSTAINED IN PART—MONEY RECEIVED AND APPLIED BY CORPORATION.—The note was sufficiently supported to the extent of money advanced by the payee prior to the incorporation, under an agreement that it should be repaid out of the first proceeds of the mine, and which was afterward received by the corporation and applied by it toward the payment of lienholders, and for further development of the mine and which was credited to the payee upon its books.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Fred W. Heatherly, and Powers & Holland, for Appellant.

Lynn Helm, and Sydney J. Parsons, for Respondent.

ALLEN, J.—The action is upon a promissory note, dated July 26, 1891, for $9,500, and interest. The answer, for want of information and belief, denies its execution and nonpayment and further sets up as a defense a want of consideration. The answer being insufficient to raise an issue upon the question of the execution and nonpayment of the note as an entirety, the only question for consideration on this appeal is whether or not the note executed was without consideration.

The case is this: On the 12th of June, 1900, Mary C. Greene, W. H. Fuller, T. R. Garnier, and G. W. Beck were the owners jointly of a mining bond conditioned for the conveyance to them, or their assigns, upon payment of $3,000, of a certain mining property. They had made various contracts in relation to the disposition thereof to a corporation there-after to be formed; and on the date last mentioned, after the formation of such corporation, finally agreed in writing to convey their equity in the property to defendant corporation for its entire capital stock, and in such agreement Greene, Garnier and Fuller undertook to pay the $3,000 due on said property and to procure a conveyance thereof to the corporation. On the same day the corporation, by resolution, regularly adopted, agreed to accept the assignment of such bond and the deed of the original owner of such property and issue therefor the whole of its capital stock—one-fourth thereof to each of said holders of the bond. Anticipating this agreement, Mrs. Greene had already advanced and paid into the corporation, through Fuller, her attorney, the $3,000 due to the owner, and which, under the agreement, she, Fuller and Garnier were to pay as a part of the consideration for the issue of the stock to them. Before this time, however, on the 31st of May preceding, Mrs. Greene had paid to Fuller $2,000, to be used in development of the mine and payment of expenses already accrued in its development. This money was credited to Mrs. Greene on the books of the corporation, as was the $3,000 before mentioned, together with $3,176, the one-fourth of previous expenditures in the purchase of the bond and the development of the property. The undisputed testimony is, that this $2,000 was not paid or advanced, except upon the agreement that it should be refunded out of the first earnings

of the mine before any dividends were paid, and the corporation seems to have received this $2,000 and to have expended it in payment for labor and materials before the incorporation, as well as for machinery, supplies and development thereafter. After this $2,000 had been received by the corporation, and under the agreement before mentioned, large blocks of stock were sold to various persons, and afterward, in March, 1901, the corporation executed to Mrs. Greene a note covering all advances and sums credited to her upon the books, which included the $3,176 expended before the promoter's agreement and the $3,000 paid out for the acquirement of the mine, the renewal of which note is sued on in this action.

We are of opinion that the trial court was justified in finding that, as to the $3,176 and the $3,000, there was no consideration moving to the corporation. The stock was issued in consideration of the conveyance to it of the bond for a mine in its then existing developed condition, and a conveyance from the owner for the consideration of which the other parties, and not the corporation, were to pay. But as to the $2,000 the case is different. Mrs. Greene was under no legal obligations to pay any liens for labor, if any existed upon the mine, or to do any development work after its acquirement by the corporation; and the corporation having received from her the $2,000 and credited the same upon the books, even the payment of a portion thereof on account of debts due from the original promoters would not warrant a finding that there was no consideration for the note, even to the extent of such payment by the corporation on account of its previous debts; nor is there any offset claimed or demanded in the pleadings on account thereof. Subsequent to the conveyance of the property to the defendant, Mrs. Greene advanced $2,250 additional; but this seems to have been paid her with interest, and is not involved in the case. We think, therefore, that there is no testimony in the record supporting the finding of an entire want of consideration, but that, on the contrary, to the extent of $2,000, the original note was a valid and subsisting obligation of the corporation, and to such extent, with interest, is still an obligation evidenced by the note sued on in this action.

The judgment and order are reversed, and the cause remanded for a new trial.

Gray, P. J., concurred.

SMITH, J., Concurring.—I concur in the judgment, and also in what is said as to the sufficiency of the item of $2,000 referred to in the opinion to constitute a valid consideration to that extent. I am not prepared, however, to hold that the note was to any extent invalid for lack of consideration or otherwise. It was duly executed by the corporation in pursuance of a resolution of the board of directors and in consideration of an acknowledged indebtedness appearing on its books. I see no evidence of any fraud in the transaction on the part of the plaintiff, who, if not defrauded, was in some way induced to advance large sums of money for the benefit of the other corporators and the corporation, which she was under no peculiar obligation to pay. As to the question whether, under the agreements between the corporators, written or oral, and the agreement of assignment between the corporators and the corporation, she could, in the absence of any action upon the part of the corporation, have recovered the amounts advanced by her, I express no opinion. But she naturally and in good faith claimed the right to recover these sums, and it was competent for the board of directors to determine on the validity of her claim, and to issue the obligation of the company for its payment. Whether or not they were mistakes in this action, I am not prepared to say that the claim of the plaintiff did not constitute a sufficient consideration for the note. I deem it unnecessary, however, under the circumstances, to enter upon a particular examination of this point, or to express a definite opinion thereon; and I am, therefore, of the opinion that the judgment and order appealed from should be reversed and the cause remanded for a new trial, without any special instructions.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 15, 1906, Beatty, C. J., dissenting.